IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS ERWIN, Individually and as
Executor of the Estate of SUSAN ERWIN,
deceased,

     Plaintiffs,

vs.

FORD MOTOR COMPANY and ALBERT
MCCLINTON, individually,

     Defendants.

_____/

CASE NO.:

## NOTICE OF REMOVAL

     Defendant, FORD MOTOR COMPANY, (hereinafter "Ford"), pursuant to 28 U.S.C. §1441, *et. seq.* and 28 U.S.C. § 1332, with full reservation of all defenses, including personal jurisdictional defenses brought forth in Ford's April 4, 2015 Motion to Dismiss, gives notice that this cause is hereby removed from the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. In support of its Notice of Removal, Ford respectfully shows unto the Court as follows:

     **I.    RELEVANT PROCEDURAL FACTS**

     1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

     2.    Plaintiff commenced this action against Defendant in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled *Dennis Erwin,*

*Individually, and as Executor of the Estate of Susan Erwin, deceased v. Ford Motor Company and Albert McClinton, individually,* Case Number: 16-CA-002032.

3. Plaintiff, *Dennis Erwin, individually, and as Executor of the Estate of Susan Erwin, deceased* ("Plaintiff") filed the Complaint with the Hillsborough County Clerk of Court on or about March 2, 2016.

4. On May, 2, 2016, Plaintiff voluntarily dismissed co-defendant Albert McClinton, leaving only Ford and Plaintiff, thereby creating complete diversity between the parties.

5. Although the location of the subject crash and basis for subject matter jurisdiction were not pled in Plaintiffs' Complaint, Ford upon reasonable information and belief understands the crash to have occurred in Hillsborough County. Therefore, given the diversity of the parties and the amount in controversy, Ford contends that this Court has subject matter jurisdiction over the aforementioned case.

6. Though Ford seeks to remove this action to the Middle District of Florida given removal is appropriate, Ford does not stipulate to this court having **personal** jurisdiction over Ford as stated in its Motion to Dismiss Plaintiff's Complaint and pursuant to the U.S. Supreme Court decision of *Daimler A.G. v. Bauman*, 134 S. Ct. 746 (2014)[1]. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal . . . ."); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *Harrison v. L.P. Rock Corp.*, No. 99- 5886, 2000 WL 19257, at *1 n.1 (E.D. Pa. Jan. 7, 2000) ("Removal to federal court does not constitute waiver to object to this court's . . . exercise of

---

[1] *See also* Ford's April 4, 2015 Motion to Dismiss.

personal jurisdiction."); *Hollis v. Fla. State Univ.,* 259 F.3d 1295, 1298 (11th Cir. 2001) (finding that removal does not constitute a waiver of jurisdictional challenges); *Resolution Trust Corporation v. Pharaon*, 915 F. Supp. 351, 358 (S.D. Fla. 1996); *Obermaier v. Kenneth Copeland Evangelistic Ass'n*, 208 F. Supp. 2d 1288, 1290 (M.D. Fla. 2002).

6. Ford files this Notice of Removal within 30 days after it first learned that the matter is removable. Accordingly, this Notice of Removal is timely filed under Title 28 U.S.C. § 1446(b).

7. Venue is proper in the Tampa Division of this Court because this action is being removed from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Although not pled in the Complaint, upon information and belief, the subject crash occurred in Hillsborough County. *See* Florida Traffic Crash Report attached hereto as **Exhibit 1**.

## II. PAPERS FROM REMOVED ACTION

8. As required by 28 U.S.C. §1446(a), copies of all process, pleadings, and orders filed in the state court are attached hereto as **Exhibit 2.**

## III. CITIZENSHIP OF THE PARTIES

9. Plaintiff, Dennis Erwin, individually, and as Executor of the Estate of Susan Erwin, deceased, is a resident of Ohio. *See* Complaint at ¶4.

10. Ford is a Michigan corporation at home, with its principal place of business, in Dearborn, Michigan.

## IV. AMOUNT IN CONTROVERSY

11. This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12.     On its face, Plaintiffs' Complaint seeks damages in excess of the Circuit Court's jurisdictional limit of $15,000, however "[t]he mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by the defendant." *See Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992); *Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978).  Under such circumstances, a "court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Wilt v. Depositors Ins. Co.*, 6:13-cv-1502-Orl-36KRS, 2013 WL 6195768, at *4 (M.D. Fla. Nov. 26, 2013); *Shear Healthcare Res., Inc. v. TNI, Inc.*, 94-572-CIV-T-17-C, 1994 WL 383936, at *2 (M.D. Fla. July 15, 1994); *Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995).

13.     Courts are also permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" and need not "suspend reality or shelve common sense" in determining whether the amount in controversy has been established.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010). ("The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life."); *see also Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1065-66 (11th Cir. 2010) (considering factors for calculating damages for evaluation of the amount in controversy). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062.

13.     Plaintiffs' Compliant provides that the subject action seeks damages under the Florida Wrongful Death Act, Fla. Stat. §768.16 in addition to pain and suffering experienced by

the deceased from the time of injury to the time of death, medical and funeral expenses borne by the estate of the deceased, loss of prospective net accumulations on behalf of the surviving spouse, loss of consortium and mental pain and suffering on behalf of the surviving spouse. *See* Complaint at ¶ 14. Given the wrongful death damages pled in the Complaint, it is sufficiently plausible that the amount in controversy will exceed the $75,000.00 jurisdictional threshold of this Court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) (*quoting* 28 U.S.C. § 1446(a)) (holding that only a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is required); *Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 U.S. Dist. LEXIS 18897, at *16 (S.D. Fla. Feb. 27, 2009) (finding that "[b]ased on the unchallenged factual allegation that a life was lost, the Court has engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $ 75,000"); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (holding that based on the allegations that each of Plaintiffs in a Class Action Fairness Act case was seeking damages for wrongful death, pain and suffering etc., it was "facially apparent" that the each claim would exceed the $75,000.00 threshold). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. The "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553. However, when a plaintiff disputes the amount in controversy allegation, the district court must find "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553-54

(quoting 28 U.S.C. § 1446(c)(2)(B)); *See also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (holding that in making the determination as to whether the amount in controversy exceeds the jurisdictional threshold, a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence); *Ellison v. Coca-Cola Refreshments USA, Inc.*, No. 2:15-cv-00246-FTM-29MRM, 2015 U.S. Dist. LEXIS 151014, at *3 (M.D. Fla. Nov. 6, 2015) (finding that plaintiff's asserted damages, including past and current medical expenses, lost income, and lost earning capacity, would likely meet the jurisdictional threshold).

V.   **ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

14.   Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

15.   Concurrent with the service of this Notice of Removal, Ford has served a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See* **Exhibit 3,** attached hereto.

16.   If any questions arise as to the propriety of the removal of this action, Ford requests the opportunity to present supplemental evidentiary materials, a brief and oral argument in support of its position that this case is removable.

17.   The undersigned counsel is authorized by Ford to file this Notice of Removal, and is licensed in the State of Florida and is a member of the Bar of this Court.

WHEREFORE, Defendant, Ford Motor Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully Submitted,

*/s Jessica M. Kennedy*
JESSICA M. KENNEDY, ESQUIRE
Florida Bar No. 0096015
jkennedy@mtwlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court by using the Florida Courts eFiling Portal and a true copy served via the Portal on May 25, 2016 to:

Raymond O. Bodiford, Esq. & Dianne Serrano, Esq., Bodiford Law Group, 121 S. Orange Ave., Suite 1150, Orlando, FL 32801; ray@bodifordlawgroup.com; dianne@bodifordlawgroup.com (*attorneys for Plaintiffs*).

*/s Jessica M. Kennedy*
FRANCIS M. MCDONALD, JR., ESQ.
Florida Bar No. 0327093
SCOTT A. RICHMAN, ESQ.
Florida Bar No. 0182753
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Service Email: fmcdonald@mtwlegal.com;
e.service@mtwlegal.com; and
ErwinvFord@mtwlegal.com
*Attorneys for Defendant Ford Motor Company*