IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY
FLORIDA

DENNIS ERWIN, Individually and as Executor
of the Estate of SUSAN ERWIN, deceased,

    Plaintiff,

v.

FORD MOTOR COMPANY and
ALBERT MCCLINTON, individually

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, DENNIS ERWIN, Individually and as Executor for the Estate of SUSAN ERWIN, deceased, by and through his undersigned attorney, and sues the Defendants, FORD MOTOR COMPANY, and ALBERT MCCLINTON and alleges as follows:

1. This is an action for damages that exceeds $15,000.00.

2. This is an action brought pursuant to the Florida Wrongful Death Act, F.S. §768.16 et. seq. for the wrongful death of SUSAN ERWIN against Defendants, FORD MOTOR COMPANY, and ALBERT MCCLINTON.

3. Plaintiff, Dennis Erwin is the duly appointed Executor of the Estate of SUSAN ERWIN.

4. Plaintiff, DENNIS ERWIN, is the surviving spouse of the decedent, SUSAN ERWIN, and is citizen and resident of the state of Ohio.

5. At all times material to this cause, Defendant FORD MOTOR COMPANY, (hereinafter referred to as "Ford") is a foreign corporation registered with the Florida Department of State as a foreign corporation authorized to do business in the State of Florida.

1

6. At all times material to this action, FORD, has been engaged in the business of designing, testing, manufacturing, assembling, distributing, warning, marketing, advertising, promoting, selling, providing financial services, training dealership sales personnel, training service personnel; providing technical service instructions, for motor vehicles and placing in the stream of commerce motor vehicles including the 2010 Ford Edge bearing VIN, 2FMDK3JC2ABA19053 ("Subject Vehicle").

7. At all times material to this action, Defendant, ALBERT MCCLINTON was at all times a resident of Pasco County, Florida.

8. On or about March 7, 2014, Susan Erwin operated the subject vehicle when her vehicle struck an oncoming vehicle. During the collision, the driver's side occupant restraint system in Plaintiff's 2010 Ford Edge failed to perform properly and upon impact, the driver's side airbag failed to deploy.

9. At the time of the accident, Susan Erwin was seated and was properly wearing her lap and shoulder belt.

10. As a result of the non-deployment of the driver's side air bag, Susan Erwin died from the injuries sustained in the above automobile accident.

## COUNT I
## STRICT LIABILITY OF FORD MOTOR COMPANY

11. Plaintiff realleges and reaffirms paragraphs 1 through 10 in their entirety.

12. At the time of the subject incident, the subject vehicle was in the same or substantially similar condition in all relative respects as when it left the possession of FORD, and was placed in the stream of commerce.

13. At the time of the accident the subject vehicle was unreasonably dangerous and therefore defective in design, manufacture and/or warnings including but not limited to the

following:

    a. The front driver's side impact air bag and occupant restraint system failed to perform as the consumer would expect.

    b. The driver's side air bag failed to deploy, despite the fact that the crash severity was sufficient to warrant deployment of the air bags, and despite the fact that the crash severity exceeded the threshold that is required for the air bags to deploy.

    c. The occupant restraint system failed to meet Ford's own performance requirements.

    d. The sensor system occupant restraint system was defectively calibrated

    e. The Ford Edge contained inadequate warnings about its defective and unreasonably dangerous condition.

    f. The vehicle failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable to FORD.

14. As a result, of the foregoing conduct of Defendant, FORD, Susan Erwin sustained injuries that resulted in her death. Susan Erwin suffered damages including pain and suffering from the time of the injury to the time of her death, medical and funeral expenses due to her death that have become a charge against her Estate and that were paid on her behalf. Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, is entitled to recover loss of the deceased's prospective net accumulations, which might reasonably have been expected but for the wrongful death, reduced to present money value. Dennis Erwin, as surviving spouse of Susan Erwin, may also recover for mental pain and suffering, loss of companionship and protection as well as loss consortium past and future and all other damages as allowed by Section 768.21, Florida Statutes.

WHEREFORE, the Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, deceased, demands judgment against the Defendant, FORD, for compensatory damages, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right and law.

## COUNT II
## NEGLIGENCE OF FORD MOTOR COMPANY

15. Plaintiff realleges and reaffirms paragraphs 1 through 14 in their entirety.

16. FORD owed a duty to reasonably foreseeable users including Susan Erwin to exercise reasonable care in designing, testing, manufacturing, assembling, distributing, warning, marketing, advertising, promoting, selling, and placing into the stream of commerce the Subject Vehicle.

17. FORD breached their duties by negligently designing, testing, manufacturing, assembling, distributing, warning, marketing, advertising, promoting, selling, and placing into the stream of commerce the Subject Vehicle such that:

   a. The front driver's side impact air bag failed to perform as the consumer would expect.

   b. The driver's side air bag failed to deploy, despite the fact that the crash severity was sufficient to warrant deployment of the air bags, and despite the fact that the crash severity exceeded the threshold that is required for the air bags to deploy.

   c. The subject 2010 Ford Edge contained inadequate warnings about its defective and unreasonably dangerous condition.

   d. The vehicle failed to perform as safely as an ordinary consumer would expect when

4

used as intended or in a manner reasonably foreseeable to FORD.

18. As a result, of the foregoing conduct of Defendant, FORD, Susan Erwin sustained injuries that resulted in her death. Susan Erwin suffered damages including pain and suffering from the time of the injury to the time of her death, medical and funeral expenses due to her death that have become a charge against her Estate and that were paid on her behalf. Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, is entitled to recover loss of the deceased's prospective net accumulations, which might reasonably have been expected but for the wrongful death, reduced to present money value. Dennis Erwin, as surviving spouse of Susan Erwin, may also recover for mental pain and suffering, loss of companionship and protection as well as loss consortium past and future and all other damages as allowed by Section 768.21, Florida Statutes.

WHEREFORE, the Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, deceased, demands judgment against the Defendant, FORD, for compensatory damages, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right and law.

### COUNT III
### NEGLIGENCE OF ALBERT MCCLINTON

20. Plaintiff realleges and reaffirms paragraphs 1 through 14 in their entirety.

21. The Defendant, ALBERT MCCLINTON, negligently operated and/or maintained the motor vehicle when he carelessly struck Plaintiff's vehicle.

22. As a result, of the foregoing conduct of Defendant, FORD, Susan Erwin sustained injuries that resulted in her death. Susan Erwin suffered damages including pain and suffering from the time of the injury to the time of her death, medical and funeral expenses due to her

death that have become a charge against her Estate and that were paid on her behalf. Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, is entitled to recover loss of the deceased's prospective net accumulations, which might reasonably have been expected but for the wrongful death, reduced to present money value. Dennis Erwin, as surviving spouse of Susan Erwin, may also recover for mental pain and suffering, loss of companionship and protection as well as loss consortium past and future and all other damages as allowed by Section 768.21, Florida Statutes.

WHEREFORE, the Plaintiff, Dennis Erwin, as Executor of the Estate of Susan Erwin, deceased, demands judgment against the Defendant, ALBERT MCCLINTON, for compensatory damages, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right and law.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges and reaffirms paragraphs 1 through 10 in their entirety.

24. Defendants FORD and ALBERT MCCLINTON'S negligently caused the death of Susan Erwin.

25. Plaintiff, Dennis Erwin was present at the scene of the injury when it occurred and was aware that Susan Erwin was injured.

26. As a result of witnessing the injuries and death of his wife, Susan Erwin, Dennis Erwin suffered serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and/or shame.

27. The conduct of the Defendants FORD and ALBERT MCCLINTON was a substantial factor in causing Dennis Erwin's serious emotional distress.

28. Plaintiff, Dennis Erwin will prove the exact amount of damages he seeks at trial and they will exceed the minimal jurisdictional limits.

## COUNT V
## PERSONAL JURISDICTION

29. Plaintiff realleges and reaffirms paragraphs 1 through 10 in their entirety.

30. This Court has personal Jurisdiction over Ford Motor Company. The jurisdiction is both General and Specific. It exists under U.S. Supreme Court precedent and under Florida's long-arm statute which establishes specific jurisdiction under Fla. Stat. §48.193(1) and general jurisdiction under §48.193(2), Fla. Stat.

31. The presence of Ford vehicles in each of the United States including, Florida is not the result of isolated incidents, but rather is the intended result of Ford's global market strategy. Ford is a self-proclaimed part of the universally recognized Global Economy and it benefits from its participation in the Global market including, Florida.

32. Ford maintains at least 110 Ford dealerships in Florida and it sends 1000's of vehicles to Florida each year to be sold in Florida. Ford maintains an agent for service of legal process in Florida.

33. Ford maintains business relationships with scores of Florida dealerships and it sets policy for interaction of its Florida dealerships with Ford and its other dealerships. Ford must approve a dealership before it can be a Ford dealership in Florida. Ford maintains webpages for customers in the United States to search for dealerships nearest to the customer's home, including Florida.

34. Ford sends letters and information to customers located in Florida regarding defects in Ford vehicles.

7

35. Ford is not small family run business which would suffer hardship if required to answer for defective products in States such as Florida in which they did not know or intend for their products to be sold and used. On the contrary, it is a sophisticated, technically advanced, well financed, legally proficient and enthusiastic participant in the global economy with a specific policy of increasing its sales in the United States including Florida. It has a well-established presence in Florida by utilizing its Florida dealerships as its designated and compensated agents to provide warranty work on Ford vehicles no matter what state they were sold in. Ford also utilizes its Florida dealerships as its designated and compensated agents to perform Ford's recall obligations for Ford vehicles no matter what state they were sold in. Additionally, Ford maintains a Regional Headquarters in Maitland, Florida. Ford maintains dealership parts and service managers for select dealerships in Florida; Ford finances industry lobbyists to influence Florida state product liability law; Florida routinely sends its in house attorneys to Florida to perform legal work in Florida; it routinely retains Florida lawyers to perform legal services in Florida, including actively engaging in litigation in Florida state courts; Ford buys advertising which it knows will be seen in Florida; Ford provides its Florida dealership with sales training programs and promotional displays; Ford provides its Florida dealership service department with training programs; and technical support for dealership service departments and to aid the personnel to provide Ford recall and warranty service; and Ford produces and promulgates vehicle sales brochures to be used in Florida.

36. Ford utilizes attorneys in and out of Florida to aid it in interpreting and comply with complex Florida statutory and case laws to meet Florida legal standards for the distribution, and sale of Ford vehicles in Florida. Ford requires its Florida dealerships and suppliers to comply with Florida environmental laws, franchise laws, safety laws and labor laws. By

8

information and belief, Ford has insurance for injury litigation which applies to cases brought in Florida. Ford files pleadings for legal relief in Florida state courts. All of these attributes are a non-exclusive list of reasons why Ford would be under no disadvantage if required to defend the defective performance of the vehicles in places where it intends for them to be used. They are under no disadvantage due to any illusory language, financial or legal differences.

37. Maintaining jurisdiction over the Ford does not work a constitutionally prohibited hardship or a denial of Due Process. On the contrary, forcing the victims of its defects to sue in Michigan would work a hardship on both the Plaintiff and the other Defendant, who is an individual residing in Florida. The alternative, filing suits in both jurisdictions would work a serious hardship upon the Plaintiff.

38. Florida has a legitimate and high priority interest in protecting its citizens and other U.S. travelers from injuries caused by defects in vehicles using its roads and highways, and this is especially so when the defects effect the performance of safety devices.

WHEREFORE, the Plaintiff, Dennis Erwin, individually and as Executor of the Estate of Susan Erwin, deceased, demands judgment against the Defendants, FORD and ALBERT MCCLINTON, for compensatory damages, costs, and interest as allowed by law, and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right and law.

DATED this 2nd day of March, 2016

/s/ Raymond O. Bodiford
Raymond O. Bodiford, Esq.
Florida Bar No.: 327840
Email: ray@bodifordlawgroup.com

9

Dianne Serrano, Esq.
Florida Bar No.: 65058
Email: diana@bodifordlawgroup.com
Bodiford Law Group
121 S. Orange Ave., Suite 1150
Orlando, FL 32801
(407) 423-9728 – Telephone
(407) 648-1899 – Facsimile
COUNSEL FOR PLAINTIFFS