## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DENNIS ERWIN, Individually and as Executor )
of the Estate of SUSAN ERWIN, deceased, )
                        )
           Plaintiff, )    Civil Action No.: 1:16-cv-00874-SLR
                        )
      v. )    TRIAL BY JURY OF
                        )    TWELVE DEMANDED
FORD MOTOR COMPANY and ALBERT )
MCCLINTON, individually )
                        )
         Defendants. )

## FORD MOTOR COMPANY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

1.      This paragraph states a legal conclusion to which no response is necessary.  To the extent a response is required, denied.

2.      This paragraph states a legal position as to which state's substantive law applies to Plaintiff's claims.  Ford cannot admit or deny the statement at this time as discovery is ongoing and the selection/briefing of the applicable substantive law is premature. Ford reserves the right to readdress this issue prior to the close of discovery by way of responding to or preparing a Choice of Law motion.  To the extent a response is required at this time, denied.

3.      Admitted.

4.      Admitted.

5.      Denied as stated.  Admitted that Ford is a Delaware corporation and it does business in Florida.

6.      Denied as stated. Admitted that the vehicle at issue is a 2010 Ford Edge which was designed and manufactured by Ford.

7.      Ford is without sufficient information or knowledge to form an opinion as to the truth of this paragraph. Ford reserves the right to readdress this issue at the close of discovery.

8.      Denied.

9.      Denied.

10.     Denied.

## COUNT I
## STRICT LIABILITY OF FORD MOTOR COMPANY

11.     Ford reiterates and incorporates by reference its answers set forth in paragraphs 1-10 of this Answer.

12.     Ford is without sufficient information or knowledge to form an opinion as to the truth of this paragraph. Ford reserves the right to readdress this issue at the close of discovery.

13.     Denied.

14.     Denied.

## COUNT II
## NEGLIGENCE OF FORD MOTOR COMPANY

15.     Ford reiterates and incorporates by reference its answers set forth in paragraphs 1-14 of this Answer.

16.     This paragraph states a legal conclusion to which no response is necessary.  To the extent a response is required, denied as stated.

17.     Denied.

18.     Denied.

## COUNT III
## NEGLIGENCE OF ALBERT MCCLINTON

20. [sic] Ford reiterates and incorporates by reference its answers set forth in paragraphs 1-18 of this Answer.

21.     This paragraph is not directed toward Ford.  Therefore, it is neither admitted nor denied.

19203534v.1

22.     Denied.

**COUNT IV**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

23.     Ford reiterates and incorporates by reference its answers set forth in paragraphs 1-22 of this Answer.

24.     Denied.

25.     Denied as stated.

26.     Denied.

27.     Denied.

28.     Denied.

**COUNT V**
**PERSONAL JURISDICTION**

29 – 37. These paragraphs do not need to be admitted or denied as a stipulation of facts related to Ford's business activities in Florida was previously agreed upon, the personnal jurisdiction issue was briefed and argued, and the District Court in Florida transferred this lawsuit to Delaware.  To the extent the paragraphs need to be responded to, denied as stated.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Decedent Susan Erwin was negligent in failing to wear her seatbelt, said failure being the sole or substantial contributing factor causing her injuries and death.

**THIRD AFFIRMATIVE DEFENSE**

Decedent's injuries were caused by her failure to wear her seatbelt and her failure to yield the right-of-way which was the cause of the accident.

19203534v.1

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as Ford complied with all applicable laws and regulations with regard to the vehicle.

**FIFTH AFFIRMATIVE DEFENSE**

Decedent's injuries and death were caused or exacerbated by her release from Tampa General Hospital.

**SIXTH AFFIRMATIVE DEFENSE**

Decedent's injuries and death were caused or exacerbated by the lack of proper medical care she received at Tampa General Hospital.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's failure to join indispensable parties, including her medical providers at Tampa General Hospital.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and damages may be barred or limited based upon the substantive laws of other jurisdictions, including the substantive law of Delaware, Michigan, Florida, Ohio, California and any additional states or countries as determined through the course of discovery.

**NINTH AFFIRMATIVE DEFENSE**

Ford reserves its right to file additional affirmative defenses upon the close of discovery, and after determination as to which state or country's substantive law is to apply to this case as Plaintiff's claims and damages may be further barred or limited based upon the applicable laws of other jurisdictions or countries.

19203534v.1

## CROSS-CLAIM FOR CONTRIBUTION

Ford denies liability to Plaintiff, but should liability be found, Ford requests an apportionment of liability among the defendants and contribution pursuant to 10 *Del. C.* § 6301 et seq., or the relevant and applicable statute of any other state or country.

## DENIAL OF ALL CROSS-CLAIMS

Ford denies any cross-claims that have been or may be asserted in this matter.

**WHEREFORE**, Ford Motor Company demands that judgment be entered in its favor and against Plaintiff, plus costs and any other additional relief that this Court deems just and appropriate.

WHITE AND WILLIAMS LLP

**CHRISTIAN J. SINGEWALD (#3542)**
600 N. King Street
Suite 800
Wilmington, DE  19801
(302) 654-0424
Attorney for Defendant, Ford Motor Company

Dated:  June 28, 2017

-5-

19203534v.1